IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Sara Olvera, Abner Johnson, Lillian D. Witt, Marion Williams, and Phyllis Williams, individually and as representatives of a proposed class of others similarly situated, | ) ) ) ) ) | |
| | ) | C/A No. 1:06-3597-MBS |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) ) | |
| Norfolk Southern Railway Company, | ) ) ) | |
| Defendant. | ) | |

**PLAINTIFFS' MOTION FOR FINAL CERTIFICATION OF A CLASS FOR PURPOSES OF SETTLEMENT AND INTEGRATED BRIEF IN SUPPORT THEREOF**

COME NOW plaintiffs, Sara Olvera, Abner Johnson, Lillian D. Witt, Marion Williams and Phyllis Williams, individually and on behalf of all others similarly situated, by and through their undersigned counsel, and pursuant to Fed. R. Civ. P. 23(a), 23(b)(3), and 23(c), respectfully request that this Court enter an order granting, with the exception of sub-class 6,[1] final certification of the class for purposes of settlement only, as well as confirming the appointment of Sara Olvera, Abner Johnson, Lillian D. Witt, Marion Williams and Phyllis Williams as class representatives, and the appointment of Joseph F. Rice and Terry E. Richardson, Jr., as co-lead class counsel and Carl L. Solomon, Joseph Preston Strom, Jr., and William Mullins McLeod, Jr. as additional class counsel. In support of this motion, plaintiffs state as follows:

---

[1] Due to the fact that there were no sub-class 6 claims filed as of the claims filing deadline, plaintiffs are not seeking final certification as to that sub-class. Plaintiffs have conferred with defendant Norfolk Southern Railway Company and have been authorized to represent that defendant Norfolk Southern Railway Company does not object to plaintiffs not pursing final class certification as to sub-class 6.

1

A.    **Background**

By its Order for Preliminary Certification of a Class for Purposes of Settlement and Preliminary Approval of Class Settlement, Class Notice and Related Matters ("Preliminary Certification Order") [DKT #20], this Court granted preliminary certification of a class as to specified personal injury claims for purposes of implementing the Proposed Settlement Agreement reached between plaintiffs and Norfolk Southern Railway Company ("NSRC"). *See* Preliminary Certification Order, ¶ 4 (setting forth class definition and claims as to which class was certified). In finding certification for purposes of implementing the Proposed Settlement Agreement appropriate, the Court found each of the requirements of Fed. R. Civ. P. 23(a) and 23(b)(3) satisfied. *See* Preliminary Certification Order, ¶¶ 3 & 6.

Additionally, the Court appointed Sara Olvera, Abner Johnson, Lillian D. Witt, Marion Williams and Phyllis Williams as class representatives, and appointed Joseph F. Rice and Terry E. Richardson, Jr., as co-lead class counsel and Carl L. Solomon, Joseph Preston Strom, Jr., and William Mullins McLeod, Jr. as additional class counsel. *See* Preliminary Certification Order, ¶¶ 8 & 12. Finally, the Court approved the notice plan and directed that class notice proceed. *See* Preliminary Certification Order, ¶¶ 10 & 11.

Pursuant to the terms of the Court's Preliminary Certification Order, as well as its Order for Extension of Deadlines, Supplemental Notice Plan, and Amendment to Claim Processing Protocol [DKT #50], notice of the class certification and the Proposed Settlement Agreement has been disseminated to the class.[2]

---

[2]    For details of the implementation of the notice plan, please see the "Joint Motion for Final Approval of Class Settlement."

The deadline for objections to the class certification and the Proposed Settlement Agreement was May 29, 2007. There have been no objections filed that take issue with the substance or propriety of the certification of the class itself.

The facts that have developed since the entry of the Preliminary Certification Order and in connection with the implementation of the Proposed Settlement Agreement, coupled with the lack of any substantive opposition to the certification of the class, underscore the propriety of this Court's Preliminary Certification Order. Accordingly, plaintiffs urge this Court, in conjunction with its approval of the Proposed Settlement Agreement, to grant final certification of the Class.

**B.     Legal Authority and Standard**

As plaintiffs noted in their motion for preliminary class certification, certification of a class for purposes of settlement is permissible and appropriate under Fed. R. Civ. P. 23. *See Amchem Products, Inc. v. Windsor*, 117 S.Ct. 2231, 2248-49 (1997) (approving as a general matter the concept of certification of a class for settlement purposes only, but noting that certification inquiry is still governed by Fed. R. Civ. P. 23(a) and (b)); *see also* Manual for Complex Litigation, Fourth, § 21.132 ("Parties frequently settle before the judge has decided whether to certify a class. Some settle before a motion to certify or even a class action complaint has been filed. . . . When a class settles as a class action before certification, the parties must present the court a plan for notifying the class, and, if Rule 23(b)(3) applies, providing an opportunity to opt out, along with the motions for certification and preliminary approval of the settlement"). Although, the Court is required to "perform a rigorous analysis to satisfy itself that the requirements of Rule 23 have been met," *see Chisolm v. Transouth Financial Corp.*, 194

3

F.R.D. 538 (E.D. Va. 2000), the fact that there are no substantive objections to the class certification by any of the class members is indeed significant.

In order for a class to be certified, the proponents must demonstrate that it not only satisfies the prerequisites of Fed. R. Civ. P. 23(a), but also is maintainable under Fed. R. Civ. P. 23(b)(1), (2) or (3). *Amchem*, 117 S.Ct. at 2245. Here, final certification is sought under Fed. R. Civ. P. 23(b)(3). Fed. R. Civ. P. 23(a) requires a demonstration that (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative are typical of the claims or defenses of the class, and (4) the representative will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(b)(3) requires a demonstration that "the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy."

Final certification of a class such as this one is clearly appropriate. As noted in Wright & Miller, Federal Practice & Procedure, § 1783 ("Mass-Accident Cases"), "[t]he argument for class-action treatment is particularly strong in cases arising out of mass disasters such as an airplane or train crash in which there is little chance of individual defenses being presented." *See also, Mehl v. Canadian Pacific Railway, Ltd.*, 227 F.R.D. 505 (D.N.D. 2005) (holding certification of personal injury class proper in train derailment causing release of anhydrous ammonia); *Sala v. National Railroad Passenger Corp.*, 120 F.R.D. 494 (E.D. Pa. 1988) (holding certification of personal injury class proper in passenger train collision).

    C.    **The Proposed Class Meets Fed. R. Civ. P. 23(a) Requirements for Certification**

        1.    **Numerosity**

Fed. R. Civ. P. 23(a)(1) states that the numerosity requirement is met if "joinder of all members is impracticable." The Fourth Circuit has consistently held that the "application of [Rule 23] is to be considered in light of the particular circumstances of the case," *Cypress v. Newport News General & Nonsectarian Hospital Association*, 375 F.2d 648, 653 (4th Cir. 1967). Accordingly, it has not set a bright line test for numerosity. *See, e.g., Holsey v. Armour & Co.*, 743 F.2d 199, 217 (4th Cir. 1984) (between 46 and 60 members sufficient), *cert denied*, 470 U.S. 1028 (1985); *Brady v. Thurston Motor Lines*, 726 F.2d 136, 145 (4th Cir.) (74 members sufficient), *cert denied*, 469 U.S. 827 (1984); *Lilly v. Harris-Teeter Supermarket*, 720 F.2d 326, 333 (4th Cir. 1983) (229 members sufficient), *cert denied*, 466 U.S. 951 (1984). In *Cypress*, the court found that "eighteen is a sufficiently large number to constitute a class in the existing circumstances." *Cypress*, 375 F.2d at 653. Although there is no mechanical test for determining whether numerosity has been satisfied, the instant action plainly involves, at a minimum, scores of persons in the vicinity of the Graniteville derailment. *See, e.g.,* Affidavit of Carl L. Solomon, ¶ 7 (attached as Exhibit 1). As such, it is readily apparent that the class size contemplated here makes joinder impracticable.

        2.    **Commonality**

Fed. R. Civ. P. 23(a)(2) requires a showing of questions of law or fact common to the class. It does not require that all such issues in the litigation be common, nor that common questions predominate, but only that common questions exist. *See Holsey*, 743 F.2d at 216-17; *see also International Woodworkers of America v. Chesapeake Bay Plywood Corp.*, 659 F.2d 1259, 1269-70 (4th Cir. 1981) (differences in manner or degree of commonly caused injuries do

5

not preclude certification). Indeed, a single common question has been found sufficient to satisfy Rule 23(a)(2). *See, e.g., Simon v. Westinghouse Electric Corp.,* 73 F.R.D. 480, 484 (E.D. Pa. 1977).

Courts have held that "commonality" exists under manifold circumstances. Generally, there are common questions if the claims of the class arise from the same wrongful acts or underlying set of acts or circumstances. *Holsey,* 743 F.2d at 216-17. The Fourth Circuit has itself found that "Rule 23 does not require precise, mirror-image identity respecting the injuries caused by a single practice or policy . . . ." *International Woodworkers of America,* 659 F.2d at 1270.

In this action, the claims of plaintiffs and the class present numerous common questions. The common questions of law arise out of claims being asserted against NSRC under South Carolina law and include, but are not limited to, whether NSRC owed a duty to the class members, whether NSRC breached that alleged duty, whether the alleged breach of that duty by NSRC caused class members to suffer injuries and damages, and whether NSRC's conduct was intentional, willful, wanton and reckless. The common questions of fact include, but are not limited to, the facts surrounding the train derailment and the release of chlorine into the surrounding environment, as well as the types of injuries exposure to chlorine gas can cause.

In its Preliminary Certification Order, ¶ 6(b), this Court found that for settlement purposes "[t]he claims asserted herein will all hinge on common questions. These elements would be established by common class-wide proof. They demonstrate common questions sufficient to satisfy Rule 23(s)(2)." Nothing has occurred in the course of this case to give any reason to question the validity of the Court's preliminary finding for settlement purposes. Simply put, the commonality requirement was, and continues to be, clearly satisfied.

### 3.   Typicality

Rule 23(a)(3) requires that "the claims or defenses of the representative parties" be "typical of the claims or defenses of the class." Decisions construing Rule 23(a)(3) have given it a liberal construction, holding that a claim is typical if it arises from the same events, practices or course of conduct that gives rise to the claims of other class members, and if the claims are based on the same legal theories. *See, e.g., Senter v. General Motors Corp.,* 532 F.2d 511 (6th Cir.), *cert denied* 429 U.S. 870 (1976); Newberg On Class Actions, § 3:13 (cases collected).

Plaintiffs' claims harmonize with those of other class members as to the legal theories being brought against NSRC. Plaintiffs allege claims of negligence against NSRC for personal injuries caused by the release of chlorine from the derailment. Each plaintiff is a member of the proposed class which they collectively seek to represent in that each plaintiff has a claim covered by one of the subclasses set forth above. Moreover, each plaintiff has filed a claim pursuant to the terms and procedures of the proposed settlement. *See* Affidavits of Sara Olvera, Abner Johnson, Lillian D. Witt, Marion Williams and Phyllis Williams (attached as Exhibits 2, 3, 4, 5 & 6). Accordingly, there can be no question that typicality is satisfied.

### 4.   Adequacy of Representation

The final requirement of Rule 23(a) is that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). This requirement is satisfied in large part by the absence of any disabling antagonism or intra-class conflict, as demonstrated from the preceding discussion of the "commonality" and "typicality" requirements. Additional considerations more particularly associated with Rule 23(a)(4) include the vigor with which the representative party can be expected to assert and defend the interests of the class and

the qualifications of class counsel. Newberg On Class Actions, § 3:21. *See also Sosna v. Iowa*, 419 U.S. 393, 403 (1975).

Plaintiffs' interests here are clearly not antagonistic to those claims asserted on behalf of the class. Plaintiffs filed this action on behalf of themselves and the class to seek accountability and compensation for the manifested personal injuries suffered in the wake of the Graniteville train derailment. These claims are co-extensive with those of the class members. Further, because NSRC is required to pay all qualifying claims, and because, unlike a common fund settlement, the payment amounts under the terms of the Proposed Settlement Agreement do not vary based upon the number of qualifying claimants, there are no intra-class conflicts. All plaintiffs share a common interest in maximizing the recoveries of all class members. Accordingly, plaintiffs can adequately represent the class as a whole, including each sub-class. *See, e.g., Joel v. Giuliani*, 218 F.3d 132, 140 (2d Cir. 2000) ("Without the sort of conflicting goals among the subclasses that would require separate representation, we find nothing in *Amchem* that requires a district court to make specific findings, when approving a settlement, that each subclass received adequate representation"). Simply put, these plaintiffs are committed to vigorously prosecuting this action on behalf of the class.[3]

---

[3] Pursuant to section 11.7 of the Proposed Settlement Agreement the class representatives Sara Olvera and Lillian D. Witt have elected to participate in the Accelerated Implementation Option. The fact that these class representatives have resolved their individual claims, however, does not affect their ability to continue to serve as adequate representatives of the class. *See, e.g., Moss v. Lane Company, Inc.*, 471 F.2d 853, 855 (4th Cir. 1973) ("If the plaintiff were a member of the class at the commencement of the action and his competency as a representative of the class then determined or assumed, the subsequent dismissal or mootness of his individual claim . . . will not operate as a dismissal or render moot the action of the class, or destroy the plaintiff's right to litigate the issues on behalf of the class"). The exercise by these class representatives of their rights under the Accelerated Implementation Option in no way negates the oversight that they have already exercised during the negotiation of the settlement and the preliminary certification, or the oversight that they continue to exercise. In fact, that these class representatives have chosen to resolve their claims pursuant to the Accelerated

With respect to the qualifications of counsel, plaintiffs submit that among their counsel are some of the most experienced counsel in class litigation in the state. Their counsel have previously obtained court appointments to represent plaintiff classes in complex multi-state and nationwide class proceedings. Therefore, plaintiffs and their counsel are prepared to fairly and adequately protect, and have in fact fairly and adequately protected, the interests of the class.

**D.     The Proposed Class Satisfies the Requirements of Fed. R. Civ. P. 23(b)(3)**

**1.     Predominance**

In light of the fact that this action already meets all four elements of Rule 23(a), plaintiffs further assert that this action meets the elements of Rule 23(b)(3). The predominance inquiry found in Fed. R. Civ. P. 23(b)(3) tests "whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem*, 117 S.Ct. at 2249. In assessing whether common questions predominate, most courts have adopted a pragmatic approach that emphasizes the efficiencies of class treatment. *See Windham v. American Brands, Inc.*, 565 F.2d 59 (4th Cir. 1977) (*en banc*), *cert denied*, 435 U.S. 968 (1978). At its core, the predominance inquiry focuses on the relationship between common and individual issues. "When common issues present a significant aspect of the case and it can be resolved for all members of the Class in a single adjudication, there is clear justification for handling the dispute on a representative rather than on an individual basis." Wright & Miller, Federal Practice and Procedure § 1778.

The instant class proposed here is noteworthy for the degree of commonality among the factual and legal allegations. The common nucleus of facts of this case -- the derailment of the NSRC train and resultant release of chlorine into the Graniteville community, as well as the issue

---

Implementation Option is credible testament of their view of the settlement's fairness. Moreover, there is no support for the proposition that, by serving as a class representative, one agrees to forego any provisions or benefits of the class settlements. In short, these class representatives continue to be adequate representatives of the class.

of general causation (*i.e.*, whether chlorine is capable of causing the injuries claimed) -- confirms the predominance of common issues in this proposed class and the appropriateness that the settlement of these issues occur in the class context. Thus, final certification is appropriate.

### 2.  Superiority

Rule 23(b)(3) directs the court to determine that a "class action is superior to other available methods for fair and efficient adjudication of the controversy." Since the certification of the proposed settlement class would obviate manageability concerns, plaintiffs note that the use of the class device has to date allowed the Court to conserve valuable judicial resources that would otherwise be needed for individual litigation of the hundreds of separate claims held by persons claiming injuries from the derailment and release of chlorine. In fact, the Preliminary Certification Order has facilitated an orderly process for the resolution of some 160 claims to date, with more to come. *See* Affidavit of Carl L. Solomon, ¶ 7 (attached as Exhibit 1).

In sum, the proposed class meets all the requirements of Fed. R. Civ. P. 23(a) and (b)(3), and therefore the proposed class should be finally certified for purposes of effectuating the Proposed Settlement.

### E.  CONCLUSION

WHEREFORE, for the reasons set forth above, this Court should enter an order granting, pursuant to Fed. R. Civ. P. 23(a), 23(b)(3) and 23(c), and with the exception of sub-class 6, final certification of the Class preliminarily certified by the Preliminary Certification Order for purposes of effectuating the Settlement Agreement, confirming the appointment of Sara Olvera, Abner Johnson, Lillian D. Witt, Marion Williams and Phyllis Williams as class representatives, and confirming the appointment of Joseph F. Rice and Terry E. Richardson, Jr. as co-lead class

counsel and Carl L. Solomon, Joseph Preston Strom, Jr., and William Mullins McLeod, Jr. as additional class counsel.

        Respectfully submitted,

        s/Frederick J. Jekel
        Joseph F. Rice
        Frederick C. Baker
        Frederick J. Jekel
        Elizabeth Claire Xidis
        MOTLEY RICE LLC
        28 Bridgeside Boulevard
        PO Box 1792
        Mt. Pleasant, SC  29465
        (843) 216-9000

        Terry E. Richardson
        David Butler
        RICHARDSON, PATRICK, WESTBROOK &
            BRICKMAN LLC
        1730 Jackson Street
        Barnwell, SC  29812
        (803) 224-8800

June 19, 2007

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing **PLAINTIFFS' MOTION FOR FINAL CERTIFICATION OF A CLASS FOR PURPOSES OF SETTLEMENT AND INTEGRATED BRIEF IN SUPPORT THEREOF** was served in accordance with the federal electronic filing rules this 19th day of June, 2007 to all attorneys of record.

/Frederick J. Jekel
Frederick J. Jekel