IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

AIKEN DIVISION

| | |
|---|---|
| Sara Olvera, Abner Johnson, Lillian D. Witt, Marion Williams, and Phyllis Williams, individually and on behalf of all others similarly situated, )<br><br>Plaintiffs, )<br><br>vs. )<br><br>Norfolk Southern Railway Company, )<br><br>Defendant. ) | C/A No. 1:06-3597-MBS<br><br>**OPINION AND ORDER** |

The within class action arose out of personal injuries and property damages resulting from a train derailment in Graniteville, South Carolina on January 6, 2005. Defendant Norfolk Southern Railway Company admitted simple negligence. A class action settlement, which was comprised of five subclasses, was approved by the court on June 26, 2007 (Entry 85).

This matter came before the court on motions for an order to show cause, preliminary, and permanent injunction filed by Defendant on August 31, 2009 (Entries 274, 277, 278). Defendant contended that the following individuals (collectively, "Plaintiffs"), all of whom are represented by the same counsel, commenced actions in state court asserting identical claims to those that were settled in the class action settlement: Mark Standridge, Deborah Morris, Michael Morris, and Daylon Morris (Subclass 1); John Spence (Subclass 1); and Kathy Spence (Subclass 1). Plaintiffs filed responses in opposition to Defendant's motions on October 5, 2009 (Entries 285-287), as well as supplemental responses on October 13, 2009 (Entries 291-293), to which Defendant filed replies

on October 22, 2009 (Entry 294) and October 23, 2009 (Entries 295-296). Plaintiffs did not dispute that they were members of Subclass 1. Plaintiffs asserted, however, that they are not bound by the class action settlement because they opted out of Subclass 1.

The court held a hearing on January 11, 2010. At the hearing, and based upon its knowledge of the class action settlement, the court noted that the opt-out deadline for the class settlement was May 29, 2007. Putative class members were to notify Defendant of their decision to opt out through notice to a claims administrator with an address in Graniteville, South Carolina. In this case, no party supplied the court with any record to support that Plaintiffs opted out of Subclass 1. To the contrary, the evidence supports a finding that Plaintiffs participated in the within class action and received disbursements of $20,000 apiece. Accordingly, by orders filed February 9, 2010 (Entries 301, 302, 304), the court granted Defendant's motions and further granted Defendant's request for attorneys' fees associated with the motions.

Plaintiffs filed motions for reconsideration on February 19, 2010 (Entries 312-314), to which Defendant filed memoranda in opposition on March 8, 2010 (Entries 318-320). In addition, Defendant filed motions supporting their request for attorneys' fees on February 22, 2010 (Entries 309-311). Plaintiffs filed a joint response in opposition to Defendant's motions for attorney's fees on March 8, 2010 (Entry 317), to which Defendant filed a reply on March 15, 2010 (Entry 324).

The court held a second hearing on April 14, 2010. The court denied Plaintiffs' motions for reconsideration, concluding that Plaintiffs failed to meet their burden of establishing that they had opted out of the class settlement. As noted, the court previously granted Defendant's request for attorney's fees. The court took Defendants' motions for attorney's fees under advisement.

The issue at this stage of the proceedings is the court's consideration of the factors set forth

in Barber v. Kimbrell's, Inc., 577 F.2d 216, 236 n. 28 (4th Cir. 1978), as well as any exceptional circumstances and the ability of the party to pay the fee. See Local Civil Rule 54.02, D.S.C. The Barber factors include (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases. Id.

Defendant was represented by Gregory P. Sloan; Ronald K. Wray, II; Frances G. Zacher; Laura E. Figueroa; and J. Kevin Couch. Messrs. Sloan and Wray are shareholders with Gallivan, White & Boyd, P.A. Ms. Zacher, Ms. Figueroa, and Mr. Couch are associates. According to Defendant, the attorneys' time was spent preparing the motions, other supporting documents, and in preparation for the hearings. Defendant contends that the preparation for the motions recently before the court required analyzing each Plaintiff's state court claims to determine whether they were barred by the class action settlement and an investigation in to whether each Plaintiff had opted out of the identified subclass. Defendant contends that counsel met with opposing counsel regarding dismissal of the state court cases based on the evidence presented to the court; however, Plaintiffs' counsel refused to dismiss the barred claims. Defendant argues that preparation of the motions for order to show cause, preliminary and permanent injunction required knowledge and particular skills by counsel familiar with the within class action and other litigation surrounding the derailment in

3

Graniteville, South Carolina. Defendant further asserts that it was forced to divert resources from other litigation to defend the state court actions that appear to have been grounded on claims disposed of by the class action settlement. Defendant notes that the within litigation has been ongoing since 2005 and counsel have been representing Defendant since that time with respect to the voluminous state and federal court actions. Defendant further asserts that the attorney's fees should be assessed against Plaintiff's counsel individually because of his conduct in filing actions in state court in contravention of the express terms of the class action settlement agreement, and without a reasonable basis for believing that Plaintiffs had opted out of the identified subclasses. Defendant seeks attorney's fees as follows:

| | |
|---|---|
| Mark Standridge, Deborah Morris<br>Michael Morris, Daylon Morris | $11,147.88 |
| John Michael Spence | $ 3,031.32 |
| Kathy Spence | $ 3,460.62 |
| Total | $17,639.82 |

The court concludes that the attorneys' fees are reasonable under the Barber factors. The court further agrees that attorneys' fees should be borne by counsel for Plaintiffs. The court is at a loss to explain Plaintiffs' counsel's obduracy in the face of information provided to him by Defendant with respect to the state court claims barred by the class action settlement. However, the court, having observed Plaintiff's counsel and judged his credibility, and having listened to his arguments in justification for his actions, finds that Plaintiffs' counsel's errors and omissions are the result of inefficiency and lack of competence in dealing with an excessive number of clients, and not the result of bad faith or willful misconduct. Because of these exceptional circumstances, Defendant

shall have judgment against Plaintiff's counsel, individually, for attorney's fees in the total amount of $17,639.82.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

June 18, 2010