IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

AIKEN DIVISION

| | |
|---|---|
| Sara Olvera, Abner Johnson, Lillian D. Witt, Marion Williams, and Phillis Williams, Individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>Norfolk Southern Railway Company,<br><br>Defendant. | C/A No. 1:06-3597-MBS<br><br><br><br>**ORDER** |

The within class action arose out of personal injuries and property damages resulting from a train derailment in Graniteville, South Carolina on January 6, 2005. Defendant Norfolk Southern Railway Company admitted simple negligence. A class action settlement, which was comprised of five subclasses, was approved by the court on June 26, 2007. ECF No. 85.

This matter came before the court on motion for an order to show cause, preliminary, and permanent injunction filed by Defendant on August 22, 2011. ECF No. 354. Defendant contended that Maleah Busbee ("Plaintiff"), who was represented by Douglas M. Schmidt, Esquire, commenced an action in state court asserting identical claims to those that were settled in the class action settlement. According to Defendant, Plaintiff did not opt out of the class settlement, and thus is bound by its provisions.

The court held a hearing on November 7, 2011. By order filed January 21, 2012, the court granted Defendant's motion and further granted Defendant's request for attorneys' fees associated with the motion. ECF No. 364. Defendant filed a motion for attorneys' fees on January 31, 2012.

Defendant seeks attorneys' fees in the amount of $8,016.50. A response in opposition was filed on behalf of Plaintiff on February 17, 2012.

DISCUSSION

Plaintiff contends that an award of attorneys' fees against counsel is in error because the Olvera settlement agreement does not provide for an award of attorneys' fees. Plaintiff relies on Section 9.2 of the settlement agreement, which provides:

> 9.2 <u>Injunction</u>. After the Court enters the Final Order and Judgment approving the PSA, each class member shall be permanently barred and enjoined from commencing, filing, initiating, instituting, prosecuting, maintaining, or consenting to any action or other proceeding, whether by intervention, joinder or as a Class Member, for and Released Claim against any Released Entities in any court of law or equity, arbitration, administrative or other forum. After the final Order and Judgment is entered by the Court, if any Class Member has commenced, filed initiated, instituted, or consented to, or is prosecuting or maintaining any action or other proceeding for any Released Claims against any Released Entities in another court of law or equity, arbitration tribunal or administrative or other forum, that action or other of such Released Claims against any Released Entities shall be dismissed with prejudice and **at such Class Member's cost.** (Emphasis added.)

According to Plaintiff, the <u>Olvera</u> settlement allows, at most, Defendant to recover the "costs" of litigation, and not attorneys' fees. <u>See</u>, e.g., Fed. R. Civ. P. 54(d) (costs distinct from attorneys' fees). The court disagrees. Had Section 9.2 provided that improper litigation be dismissed and that the Released Entities would be entitled to recover "costs" from a Class Member, Plaintiff's argument for a restrictive reading would have merit. <u>See</u> Dictionary.com ("**costs**, Law. . . money allowed to a successful party in a lawsuit in compensation for legal expenses incurred, chargeable to the unsuccessful party.")(http://dictionary.reference.com/browse/cost, found June 22, 2012). In the court's view, however, the term "cost" as used in Section 9.2 should be given its ordinary, everyday meaning, i.e., "an outlay or expenditure of money, time, labor, trouble, etc.:

2

What will the cost be to me?" Dictionary.com (http://dictionary.reference.com/browse/cost, found June 22, 2012). The court concludes that Section 9.2 of the Olvera settlement agreement contemplates payment of expenses of litigation under the circumstances described therein. Having made this determination, the court need not address Plaintiff's remaining arguments against the imposition of attorneys' fees.

Plaintiff asserts that, in the event the court finds attorneys' fees to be proper, Defendant should provide evidentiary materials in support of the requested fees. On May 29, 2012, at the request of the court, Defendant supplemented its motion for attorneys' fees to comply with the requirements of Local Civil Rule 54.02, D.S.C. Plaintiff filed a reply on June 6, 2012, in which she asserted that Defendant's supplement still failed to comply with Local Civil Rule 54.02; that she lacks the resources to pay an attorneys' fee award; and that the fees requested is excessive in comparison to other similar cases.

The issue at this stage of the proceedings is the court's consideration of the factors set forth in Barber v. Kimbrell's, Inc., 577 F.2d 216, 236 n. 28 (4th Cir. 1978), as well as any exceptional circumstances and the ability of the party to pay the fee. See Local Civil Rule 54.02, D.S.C. The Barber factors include (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney

and client; and (12) attorneys' fees awards in similar cases. Id.

Defendant was represented by Gregory P. Sloan and Frances G. Zacher of Gallivan, White & Boyd, P.A. According to Defendant, the attorneys' time initially was spent analyzing Plaintiff's state court claims to determine whether they were barred by the class action settlement. Defendant contends that counsel contacted opposing counsel regarding dismissal of the state court action, since the claims pleaded were identical to those previously released and settled. However, Plaintiff's counsel refused to dismiss the barred claims. Defendant argues that preparation of the motions for order to show cause, preliminary and permanent injunction required knowledge and particular skills by counsel familiar with the within class action and other litigation surrounding the derailment in Graniteville, South Carolina. Defendant further asserts that it was forced to divert resources from other litigation to defend the state court action that appear to have been grounded on claims disposed of by the class action settlement. Defendant was required to file its motion with this court, prepare for arguments, and attend a hearing. In addition, Defendant was directed by the court to obtain additional documentation in order to rebut Plaintiff's due process claim regarding notice that was raised by Plaintiff for the first time at the hearing.

The court finds that the attorneys' fees sought by Defendant satisfy the Barber factors. The court also takes judicial notice of counsel Douglas M. Schmidt's continued disregard of the finality of the Olvera settlement agreement and the settlement agreement in Curtis v. Norfolk Southern Railway Co., C/A No. 1:05-115-MBS. The court therefore imposes attorneys' fees against Douglas

M. Schmidt, individually, in the amount of $8,016.40.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

June 27, 2012.